IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CAROL TEDDER and )
CHRIS TEDDER, )
)
    Plaintiffs, )
)
v. ) CASE NO: 3:06-CV-967-MHT-SRW
)
LIBERTY MUTUAL FIRE INSURANCE )
COMPANY, et al., )
)
    Defendants. )

RECEIVED 2006 OCT 26  A 11: 26

## NOTICE OF REMOVAL

Comes now defendant Liberty Mutual Fire Insurance Company, (hereinafter referred to as Liberty Mutual) one of the named defendants, herein and gives notice with full reservation of all defenses that this cause is hereby removed from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As and for the basis for this Notice of Removal, Defendant shows unto the Court as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2. On or about August 28, 2006, plaintiffs commenced the above-styled action by filing a complaint against defendant Liberty Mutual.

3. Prior to obtaining service of process upon Liberty Mutual, plaintiffs filed their First Amended Complaint on or about September 22, 2006, alleging negligence, wantonness and loss of consortium claims against defendant Emerson Scott Lusane.

4. The removal of this action is based upon diversity of citizenship. This Court has original jurisdiction of this case under 28 U.S.C. § 1332 (a)., because there exists complete diversity of citizenship between plaintiffs and all defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Upon information and belief, plaintiffs are residents of the State of Alabama.

6. Defendant Liberty Mutual is a Massachusetts Corporation with its principal place of business in Massachusetts.

7. Upon information and belief, defendant Emerson Scott Lusane is a resident of the State of Georgia.

8. The amount in controversy requirement is satisfied in this case based on the plaintiffs' pleadings. In their First Amended Complaint, plaintiffs are pursuing negligence and wantonness claims against the defendants for injuries the plaintiff allegedly sustained in an automobile accident. In addition, plaintiffs are requesting damages for medical expenses, personal injury, mental anguish, emotional distress and loss of consortium. In their original Complaint, the plaintiffs asserted bad faith and breach of contract claims for uninsured/underinsured motorist benefits against Liberty Mutual Insurance Company, asking for compensatory damages, punitive damages, mental anguish, loss of consortium, attorney's fees and actual out-of-pocket expenses related to plaintiffs' claims. Plaintiffs made a specified claim for damages against defendant Liberty Mutual in their original Complaint in the amount of $74,000. However, this Court has held that, "[A] plaintiff should

not be allowed to deprive a defendant of his right to remove through artful pleading practices." *Steele v. Underwriters Adjusting Company,* 649 F. Supp. 1414 (1986).

9. In the First Amended Complaint, plaintiffs made an unspecified claim for damages against the defendant Emerson Lusane. The complaint alleges that Mr. Lusane was uninsured and therefore, Liberty Mutual would be responsible some or all of these damages in addition to the $74,000 in damages already requested. When plaintiffs make an unspecified claim for damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of this Court for purposes of diversity jurisdiction. *Tapscott v. MS Dealer Service Corporation,* 77 F. 3rd 1353, 1359 (11th Circuit 1196). The plaintiff is seeking damages for personal injury, past and future medical costs, lost wages, mental anguish and stress as well as $74,000 in damages for bad faith, breach of contract and loss of consortium. Based on the pleadings, it is likely that the total amount in controversy exceeds $75,000.00, exclusive of interests and costs.

10. No pleadings or other actions have been taken by this defendant in the Circuit Court of Russell County.

11. This notice is filed within 30 days of receipt of service of a copy of the complaint by certified mail on September 29, 2006.

12. Venue is proper in the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. Ch. 5 § 81(b)(3), as Russell County is the place where the

alleged incident occurred and is within this district's and division's boundaries.

13. Pursuant to 28 U.S.C. §1446 (d), defendant has sent written notice of removal to plaintiff and has filed a copy of this notice with the clerk of the Circuit Court of Russell County. Copies of all pleadings filed in the Russell County Circuit Court are attached hereto as "Exhibit A". Wherefore, defendant, Liberty Mutual Fire Insurance Company, respectfully submits that this matter has been properly removed from the Circuit Court of Russell County, Alabama, and requests that this Court take proper jurisdiction of this matter in the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted this 25th day of October, 2006.

_____
BRIAN MOSHOLDER (MOS-018)
JOHN C. DESHAZO (DES-007)
Attorneys for Defendant

OF COUNSEL:
Carpenter, Ingram & Mosholder, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL 36106
Telephone: (334) 213-5600

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the above and foregoing was served on the below listed counsel by placing a copy of the same in the U.S. Mail, postage prepaid, and properly addressed this 25th day of October, 2006.

Clifton F. Hastings
Cervera, Ralph & Reeves, LLC
P.O. Box 325
Troy, Alabama 36081
(334) 566-0116

                                                         ATTORNEY FOR DEFENDANT

G:\6827\Pleadings\noticeofremoval10.16.06jcd.wpd

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| CAROL TEDDER and </br> CHRIS TEDDER, </br>   PLAINTIFFS, </br></br> vs. </br></br> LIBERTY MUTUAL INSURANCE </br> COMPANY, </br>   DEFENDANT. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) CASE NO. CV-06 302 </br> ) </br> ) </br> ) |

### COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Carol Tedder, is over the age of nineteen (19) years and resides in Phenix City, Alabama.

2. Plaintiff, Chris Tedder, is over the age of nineteen (19) years and resides in Phenix City, Alabama.

3. Defendant, Liberty Mutual Insurance Company, is a corporation doing business in the accident location, with corporate headquarters being in Boston, Massachusetts.

4. This action is based upon an accident occurring in Phenix City, Alabama on or about April 11, 2006

### COUNT I - BAD FAITH OF
### LIBERTY MUTUAL INSURANCE COMPANY

5. Plaintiffs adopt and re-allege paragraphs 1 through 4 above as if fully set forth herein.

6. The Defendant failed to conduct a cognitive investigation by failing to investigate the claim in a timely manner, failing to contact witnesses provided by the Plaintiff, failing to investigate the facts and render a decision on coverage.

7. The Defendant has constructively denied coverage in that the Defendant has not made a decision regarding the availability of coverage to the injured parties after Plaintiffs have repeatedly requested an answer.

8. Additional time to investigate was requested by the Defendant and the Defendant still has yet to provide an answer after the additional time requested has passed. A reasonable amount of time has long passed with no response rom the Defendant which amounts to a clear constructive denial and bad faith.

9. Uninsured motorists coverage is statutorily provided under *Code of Alabama*, §32-7-23 and the Defendant's refusal to pay benefits thereunder constitutes bad faith.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for attorney's fees, mental anguish, punitive damages and the actual out-of-pocket expenses related to Plaintiffs' claims in the amount of $25,000.00.

## COUNT II- BREACH OF CONTRACT OF LIBERTY MUTUAL INSURANCE COMPANY

10. Plaintiffs adopt and re-allege paragraphs 1 through 9 above as if fully set forth herein.

11. At the time of the accident, the vehicle operated by Emerson Scott Lusane was uninsured.

12. At the time of the accident, the Plaintiff had in force a policy(ies) of automobile insurance issued by Defendant Liberty Mutual Insurance Company pursuant to *Code of Alabama*, §32-7-23 . Said policy(ies) of insurance contained a provision for uninsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, when that vehicle is uninsured at the time of the accident, and the third person is not otherwise entitled to coverage.

13. Defendant Liberty Mutual Insurance Company has breached its contract with the Plaintiff. The Defendant has failed to make any payment under the

Plaintiffs' uninsured motorist provision of the Plaintiffs' policy or even make an offer of uninsured motorists coverage.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for attorney's fees, mental anguish, and the actual out-of-pocket expenses related to Plaintiffs' claims in the amount of $44,000.00.

### COUNT III- LOSS OF CONSORTIUM

14. Plaintiffs adopt and re-allege paragraphs 1 through 13 above as if fully set forth herein.
15. Plaintiff Chris Tedder brings a claim for loss of consortium against Defendant Liberty Mutual Insurance Company which stems from the injuries Plaintiff Carol Tedder received discussed previously.
16. Due to the negligent acts of Emerson Scott Lusane, Plaintiff Carol Tedder was unable to provide services, personally and socially to her husband Plaintiff Chris Tedder, as she did prior to accident. Thus, Plaintiff Chris Tedder's life has been severely altered and he has suffered loss thereof.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for attorney's fees, mental anguish, and the actual out-of-pocket expenses related to Plaintiffs' claims in the amount $5,000.00.

Respectfully submitted this the 24th day of August, 2006.

Clifton F. Hastings (HAS014)
Attorney for the Plaintiffs

OF COUNSEL:
**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P. O. Box 325
Troy, Alabama 36081
(334) 566-0116

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| CAROL TEDDER and ) | |
| CHRIS TEDDER, ) | |
|    PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO. 2006-302 |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY and ) | JURY DEMAND REQUESTED |
| EMERSON SCOTT LUSANE, ) | |
|    DEFENDANTS. ) | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

Comes now the Plaintiffs, by and through the undersigned, and amend their Complaint heretofore filed in this cause as follows:

1. Emerson Scott Lusane is added as an additional Defendant.
2. Plaintiffs adopt by reference, as if set forth fully herein, all other allegations and averments set forth in their original Complaint.

### COUNT IV - GROSS NEGLIGENCE / WANTONNESS

3. On or about the 11th day of April, 2006, Plaintiff Carol Tedder was making a left turn onto Lakewood Drive when Defendant Lusane ran the red light, lost control and impacted Plaintiff Tedder's vehicle.
4. As a proximate cause of Defendant Lusane's said gross negligence in traveling at a high rate of speed and running a red light, the Plaintiffs were caused to suffer bodily injuries which caused the Plaintiffs to undergo medical treatment. The Plaintiffs incurred expenses for medical attention.
5. The Plaintiffs were caused to suffer emotional distress and mental anguish as the result of Defendant Lusane's Willful, Wanton, and Grossly Negligent conduct.

WHEREFORE, Plaintiffs demand a judgement against the Defendants, the

amount to be determined by a jury, to punish the Defendant for his willful and wanton actions and/or omissions and to deter others from similar conduct.

## COUNT V - NEGLIGENCE

6. On or about the 11th day of April, 2006, Plaintiff Carol Tedder was making a left turn onto Lakewood Drive when Defendant Lusane ran the red light, lost control and impacted Plaintiff Tedder's vehicle.

7. As a proximate cause of the Defendant Lusane's said negligence, the Plaintiffs were caused to suffer bodily injuries which caused the Plaintiffs to undergo medical treatment. The Plaintiffs have incurred expenses for medical attention that they received.

8. The Plaintiffs were caused to suffer emotional distress and mental anguish as the result of Defendant Lusane's negligence.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendants, the amount to be determined by a jury, to compensate the Plaintiffs for their personal injuries and costs.

## COUNT VI - LOSS OF CONSORTIUM

9. Plaintiff Chris Tedder brings a claim for loss of consortium against Defendant Emerson Scott Lusance which stems from the injuries Plaintiff Carol Tedder received discussed previously.

10. Due to the negligent acts of Defendant Lusane, Plaintiff Carol Tedder was unable to provide services, personally and socially to her husband Plaintiff Chris Tedder, as she did prior to accident. Thus, Plaintiff Chris Tedder's life has been severely altered and he has suffered loss thereof.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant for attorney's fees, mental anguish, and the actual out-of-pocket expenses related to Plaintiffs' claims, the amount to be determined by a jury.

Respectfully submitted this the 19th day of September, 2006.

_____
Clifton F. Hastings (HAS014)
Attorney for the Plaintiffs

OF COUNSEL:
**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P. O. Box 325
Troy, Alabama 36081
(334) 566-0116

**TRIAL BY JURY REQUESTED**

_____
Clifton F. Hastings (HAS014)
Attorney for the Plaintiffs