IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| CAROL TEDDER and ) | |
| CHRIS TEDDER, ) | |
|     PLAINTIFFS, ) | |
| vs. ) | CIVIL ACTION NO. 3:06cv967-MHT |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY and ) | |
| EMERSON SCOTT LUSANE, ) | |
|     DEFENDANTS. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND FACTS**

On August 24, 2006, the Plaintiffs, Carol Tedder and Chris Tedder filed a Complaint against Liberty Mutual Fire Insurance Company in the Circuit Court of Russell County, Alabama and on August 28, 2006, the Plaintiffs filed an Amended Complaint adding Emerson Scott Lusane as an additional Defendant.

On or about October 25, 2006, the Defendant Liberty Mutual Insurance Company removed this action from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. Sections 1332(a) and 28 U.S.C. Ch. 5 §81(b)(3).

On or about November 6, 2006, the Plaintiffs filed a Motion to Remand this action to the Circuit Court of Russell County, Alabama, alleging that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost. The following Law and Arguments clearly establish that the Defendant has improperly removed this action to the United States District Court for the Middle District

of Alabama, Eastern Division, and that this action should be properly adjudicated in the Circuit Court of Russell County, Alabama. Therefore, Plaintiffs' Motion to Remand is due to be granted.

## LAW AND ARGUMENT

### THE BURDEN IS ON THE PARTY SEEKING REMOVAL

The party seeking removal has the burden of establishing federal jurisdiction. Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir. 1987), cert. Denied, 484 U.S. 850, 108 S.Ct. 150 (1987); Brech v. Prudential Ins. Co. of America, 845 F.Supp.829, 831 (M.D. of Ala. 1993). "Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand." Brech, 845 F.Supp., at 831; Shamrock Oil and Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941); Burns v. Windsor Insurance Company, 31 D.3 1092, 1095 (11 Cir. 1994); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Paxton v. Weaver, 553 F.2d 939 (5th Cir. 1977).

### AMOUNT IN CONTROVERSY

### THE VALUE OF THE OBJECT OF THE LITIGATION

The amount in controversy in this action does not exceed the sum or value of $75,000.00, exclusive of interests and costs. The Plaintiffs' complaint asks for monetary damages. In the Plaintiffs' case, the monetary damages sought are with great specificity as to amounts. These monetary damages are believed to be maximum amounts that would be granted which do not exceed $74,000.00.

### VENUE PROPER IN RUSSELL COUNTY, ALABAMA

It is a long-established rule of law that the proper forum for filing a complaint is in

the county in which the accident occurred. See Code of Alabama, §6-3-2, "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred". The automobile accident occurred in Russell County, Alabama and thus, venue is proper in Russell County, Alabama. Code of Alabama, §6-3-7 states, "Venue of Actions - Against foreign and domestic corporations. (a) All civil actions against corporations may be brought in any of the following counties:".....in part, "(3) In the county in which the plaintiff resided".  See Alabama Rules of Civil Procedure, Rule 82. Jurisdiction and Venue. "(b) Venue of actions. Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law (§6-3-2(a)) and the statute for venue for actions against individuals in equity (§6-3-2(b)) are inconsistent. Such inconsistencies are resolved as follows:"...in part, "(A) Must be brought in the county where the defendant or any material defendant resides". Therefore, venue is clearly proper in Russell County, Alabama.

THE PLAINTIFF-VIEWPOINT RULE

The Court, in determining the amount in controversy, must measure the value of the object of the litigation solely from the Plaintiffs' prospective. "After carefully reviewing this Circuit's precedents, however, we find no conflict and we conclude that this Court's predecessor purposefully and conspicuously adopted the Plaintiff-viewpoint rule." Ericsson, 120 F. 3d, at 219. The damage that the Defendant claims it may suffer as a result of a Court finding for the Plaintiff is not a proper basis for asserting jurisdiction. Shelley v. Southern Bell Tel. & Tel. Co., Inc., 873 F.Supp. 613, 617 (M.D.

Ala. 1995). "It is well settled in this Court that, when our jurisdiction depends on the amount in controversy, it is determined by the amount involved in a particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." New England Mortgage Security Co. v. Gay, 145 U.S. 123, 130, 12 S.Ct. 815, 816 (1892).

THE MONETARY VALUE OF THE AVAILABLE RELIEF

Having determined that the Plaintiff-viewpoint rule governs, the Court must then consider whether the amount in controversy is sufficient to satisfy the diversity statute. The Court must first determine the remedies available to the Plaintiff under the law, and then consider the monetary value of the available relief. Erricson, 120 F.3d at 221.

The only available remedy to the Plaintiffs are monetary damages which have been pled with specificity for which the Plaintiff believes to be maximum recoverable amounts at best.

CONCLUSION

Based upon the foregoing law and facts, the Plaintiffs respectfully submit to this Honorable Court that the Defendant has failed to show that this action meets the amount in controversy requirements of the diversity statute and that the Plaintiffs have clearly established venue to be proper in Russell County, Alabama.

Therefore, this action is due to be remanded back to the Circuit Court of Russell County, Alabama, and the Plaintiffs respectfully request this Honorable Court grant the Plaintiffs' Motion to Remand and enter an Order remanding this cause back to the Circuit Court of Russell County, Alabama.

Respectfully submitted this 7th day of November, 2006.

        s/ Clifton F. Hastings
Clifton F. Hastings (HAS014)
Attorney for Plaintiffs
**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P. O. Box 325
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 (fax)
chastings@troycable.net

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing Motion to Remand has been electronically served upon the following on the 7th day of November, 2006 by CM/ECF:

Brian Mosholder
John C. Deshazo
Carpenter, Ingram & Mosholder, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama 36106

        s/ Clifton F. Hastings
        Clifton F. Hastings